**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID ARTURO RENTERIA PEREZ,<br><br>Petitioner,<br><br>v.<br><br>PATRICK DIVVER, Field Office Director of Enforcement and Removal Operations, San Diego Field Office, Immigration and Customs Enforcement, et al.,<br><br>Respondents. | Case No.: 3:26-cv-03409-RBM-DDL<br><br>**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[Doc. 1]** |

Pending before the Court is Petitioner David Arturo Renteria Perez's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241.  (Doc. 1.) For the reasons set forth below, the Petition is **GRANTED IN PART**.

## I.   BACKGROUND

Petitioner, a citizen of Mexico, entered the United States without inspection on or around 2006 and was not apprehended upon arrival.  (Doc. 1 ¶ 6.)  Petitioner was arrested by immigration authorities on May 7, 2026.  (*Id*. ¶¶ 7, 20.)  The U.S. Department of Homeland Security then issued Petitioner a Notice to Appear charging him as inadmissible under section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA").  (*Id*. ¶ 7; *see* Doc. 1-4 at 1.)  Petitioner filed the Petition on June 1, 2026.  (Doc. 1.)[1]  Pursuant to

---

[1]  Petitioner simultaneously filed two additional identical habeas petitions in error.  *See Renteria Perez v. Divver*, 3:26-cv-3412-RBM-DDL (S.D. Cal., June 15, 2026), ECF No. 8

this Court's order (*see* Doc. 2), Respondents filed a Response to the Petition on June 12, 2026. (Doc. 5.) Petitioner has not filed an optional reply as of the date of this Order.

## II.　LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III.　DISCUSSION

Petitioner claims he is a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, 813 F. Supp. 3d 1084 (C.D. Cal. 2025), and that he is being detained in violation of the INA. (Doc. 1 ¶¶ 2, 26–31.) Respondents concede that Petitioner "appears to be a member of the Bond Eligible Class in *Maldonado Bautista*" and "do not oppose an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)." (Doc. 5 at 2.)

In light of Respondents' non-opposition, and the Court's previous orders concerning similarly situated petitioners, the Court finds that Petitioner is detained under § 1226(a). *See N.A. v. LaRose*, No. 3:25-CV-03028-RBM-DEB, 2025 WL 3512412, at *5 (S.D. Cal. Dec. 8, 2025) (finding a petitioner who was not apprehended upon arrival and resided in the United States for 17 years was subject to § 1226's discretionary detention procedures and entitled to a bond hearing). While Petitioner seeks his immediate release (*see* Doc. 1

(granting joint motion to dismiss); *Renteria Perez v. Divver*, 3:26-cv-3410-LL-MSB (S.D. Cal., June 15, 2026), ECF No. 7 (granting joint motion to dismiss).

3:26-cv-03409-RBM-DDL

¶ 11), the Court finds it appropriate to hold a bond hearing under § 1226(a) to determine the conditions of his potential release.  Accordingly, the Court finds that Petitioner is entitled to a bond hearing.  *See N.A.*, 2025 WL 3512412, at *5.

### IV.    **CONCLUSION**

Based on the foregoing reasons, the Petition (Doc. 1) is **GRANTED IN PART**.  To the extent that Petitioner requests to be released from custody, the Petition is **DENIED**. Accordingly, the Court further **ORDERS** as follows:

1. The Government is **ORDERED** to provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) **within fourteen (14) days** of the entry of this Order, unless the noncitizen requests a continuance.

2. At the bond hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that the noncitizen poses a danger to the community or a risk of flight.

3. The Government **SHALL NOT** deny the noncitizen's bond on the basis that 8 U.S.C. § 1225(b)(2) requires mandatory detention.

4. If the bond hearing is not conducted within fourteen (14) days of the entry of this Order, the Government shall release the noncitizen from custody until it is determined that his detention is warranted under § 1226(a).

5. The Government **SHALL FILE** a status report on or before July 20, 2026 indicating whether and when Petitioner received a bond hearing and the results of such hearing.

**IT IS SO ORDERED**.

DATE:  June 30, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

3

3:26-cv-03409-RBM-DDL